**YANG GUO LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4486–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

David X. Feng, New York, New York, for Petitioner.

Thomas D. Anderson, United States Attorney; Carol L. Shea, Chief, Civil Division; John P. Tavana, Assistant United States Attorney, Burlington, Vermont, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Guo Liu, a native and citizen of the People's Republic of China, seeks review of a July 25, 2005 order of the BIA denying Liu's motion to reopen. *In re Yang Guo Liu,* No. A 72 455 781 (B.I.A. July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Liu's motion to reopen

proceedings because Liu failed to abide by the time limitations for such motions, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. 1003.2(c)(2) (providing a 90–day deadline); *In re G–C–L–*, 23 I. & N. Dec. 359, 362 (B.I.A.2002) (announcing that BIA would no longer accept untimely reopening motions based on coercive population control policies after July 9, 2002, and Liu failed to establish that he had a cognizable reason for not meeting the July 9, 2002, deadline). *See* 8 C.F.R. § 1003.2(c)(3).

Moreover, to the extent that Liu challenges the BIA's refusal to exercise its *sua sponte* authority to consider the merits of his claim, the present case is beyond the Court's review, because the decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DENY Liu's pending motion for a stay of removal.